UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FOUNTAIN PLAZA FINANCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14CV01388 AGF |
| | ) | |
| CENTRUE BANK a/k/a CENTRUE | ) | |
| FINANCIAL CORPORATION, and | ) | |
| BANKLIBERTY a/k/a | ) | |
| LIBERTY BANKCORP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action is before the Court on Defendants' motion to dismiss for lack of subject matter jurisdiction due to Plaintiff's failure to establish diversity of citizenship. For the reasons set forth below, Defendants' motion to dismiss shall be granted, but Plaintiff shall be granted time, per its request, to amend its complaint.

## BACKGROUND

On August 8, 2014, Plaintiff Fountain Plaza Finance, LLC, filed this action against Defendants Centrue Bank a/k/a Centrue Financial Corporation ("Centrue") and BankLiberty a/k/a Liberty Bancorp, Inc. ("Liberty") for wrongful assertion of security interests on property located within the Eastern District of Missouri. Plaintiff invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. In the complaint, Plaintiff asserts that it is "a Delaware limited liability company organized and existing under the laws of the state of Delaware, with a principal place of business in Illinois;"

Defendant Liberty is a Missouri corporation; and Defendant Centrue is a Delaware corporation, with a principal place of business in Missouri. (Doc. No. 1 at 1.) On August 12, 2014, Plaintiff filed a Disclosure of Corporation Interests Certificate, in which Plaintiff confirmed that its sole member is Fountain Plaza Finance Holdings, LLC.

On September 8, 2014, Defendants filed a joint motion to dismiss for lack of subject matter jurisdiction. Defendants argue that as a limited liability company, Plaintiff is a citizen of every state in which its members are citizens for purposes of diversity. They argue that because Plaintiff did not set forth the identity of the members of Fountain Plaza Finance Holdings, LLC, Plaintiff's sole member, Plaintiff failed to meet its burden of establishing federal jurisdiction.

In response to the motion to dismiss, Plaintiff asks the Court to look at the "real parties to the controversy" to determine citizenship. (Doc. No. 17 at 3.) Plaintiff asserts that it is ultimately owned by a limited liability company that is "the last leg of a multi-leveled tier of limited liability companies and limited partnerships" and that is owned by two individual members residing in New York, New Jersey, and Connecticut. (Doc. No. 17 at 3.) Plaintiff argues that since these two individuals were not citizens of states where the Defendants were citizens, diversity of citizenship is established for federal jurisdiction. Alternatively, Plaintiff requests time for leave to amend its complaint to satisfy its pleading obligations in establishing subject matter jurisdiction.

In their reply, Defendants argue that the real-party-in-interest analysis does not apply where a limited liability company's citizenship is to be determined for purposes of diversity. Defendants argue that Plaintiff must prove that none of Fountain Plaza Finance

2

Holdings, LLC's members or partners are a citizen of Delaware, Missouri or Illinois, and that its failure to do so warrants dismissal by the Court.

## DISCUSSION

Federal district courts have diversity jurisdiction over all civil actions in which the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Courts interpret this statute to require complete diversity between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Statutes conferring diversity jurisdiction upon the federal courts are to be strictly construed. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir.1992). The party asserting diversity jurisdiction has the burden of establishing it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Consequently, when a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff must support the allegations by competent proof. *Id*.

For purpose of diversity, limited liability companies do not have their own citizenship; rather, a limited liability company's citizenship is the citizenship of all of its members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004); *see also White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011). Although no Eighth Circuit Court case has been cited or found, those circuits that have addressed the issue have held that when an unincorporated entity such as a limited liability company has a multiple-layer ownership structure, the citizenship of the entity "must be traced through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir.

2003); *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 127 (1st Cir. 2011); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62 (9th Cir. 2011). This Court will follow this line of authority in holding that the citizenship of a limited liability company must be traced through however many layers of members there may be in order to establish diversity jurisdiction.

Plaintiff's reliance on *Associated Insurance Management Corp. v. Arkansas General Agency, Inc.*, 149 F.3d 794 (8th Cir. 1998), is unavailing. In *Associated,* the Court held that the citizenship of an agent who merely sues on behalf of the real party in interest must be ignored. *Id*. at 796. The *Associated* case does not deal with an unincorporated entity with different layers of ownership. Plaintiff has not cited any case in support of its position that an inquiry into the citizenship of the ultimate owner would be sufficient to establish its citizenship for purposes of diversity jurisdiction.

In sum, Plaintiff failed to meet its burden of establishing diversity of citizenship of all of its members and sub-members. Accordingly, the Court will grant Defendants' motion to dismiss. Plaintiff's request, however, for leave to amend its complaint shall also be granted.

# CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **GRANTED**. (Doc. No. 11.)

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including **November 10, 2014**, to file an amended complaint that satisfies its pleading obligation for subject matter jurisdiction. Failure to do so shall result in the dismissal of the case.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2014.